NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IRENE LAURORA,<br><br>    Plaintiff,<br><br>v.<br><br>BAYER HEALTHCARE LLC, and JOHN O'MULLANE, in his individual and professional capacities,<br><br>    Defendants. | Civil Action No. 16-cv-09041 (ES) (JAD)<br><br>OPINION |

**JOSEPH A. DICKSON, U.S.M.J.**

This matter comes before the Court upon Plaintiff's motion for leave to amend. (ECF No. 37). Pursuant to Rule 78 of the Federal Rules of Civil Procedure, the Court did not hear oral argument on Plaintiff's application. Upon careful consideration of the parties' submissions, and for the reasons stated below, Plaintiff's motion for leave to amend is **GRANTED IN PART and DENIED IN PART.**

## I. BACKGROUND

This case arises from the termination of Plaintiff, Dr. Irene Laurora, as Vice President at Defendant Bayer HealthCare LLC in 2015. (*See* Am. Compl. ¶¶ 50-51). According to the Amended Complaint, in May 2015, Plaintiff voiced objections to Defendant John O'Mullane, her supervisor, about the revocation of a pregnant colleague's position on a long-term research project. (*Id.* ¶¶ 35-36). Plaintiff's position as Vice President was subsequently eliminated as part of the company's alleged internal restructuring. (*Id.* ¶¶ 40-45). Plaintiff alleges her termination was in retaliation for attempting to protect her coworker's rights, in violation of state and federal law. (*Id.* ¶ 1).

1

Plaintiff filed the original complaint on December 7, 2016 alleging Defendants' actions violate, *inter alia*, the Family and Medical Leave Act ("FMLA") and the New Jersey Law Against Discrimination ("NJLAD"). (*See* ECF No. 1, original complaint). During a Rule 16 scheduling conference on March 27, 2017 the parties agreed to a May 31, 2017 deadline to amend the complaint. (*See* ECF No. 16). Fact discovery was extended twice and ultimately closed on May 15, 2018. (*See* ECF No. 31).

With Defendant's consent, the Court granted Plaintiff's motion to file an Amended Complaint substituting Defendant Bayer Corporation with Bayer Health Care LLC. (*See* ECF No. 22, Amended Complaint ("Am. Compl.")). Plaintiff then filed the instant motion for leave to file a Second Amended Complaint on April 2, 2018 seeking to (a) add Bayer Consumer Care AG as a defendant and (b) assert a new substantive claim under Title VII of the Civil Rights Act of 1964. (*See* ECF No. 37-1, Proposed Second Amended Complaint, ("Prop. S. Am. Compl.")).[1]

## II. STANDARD OF REVIEW

### A. Federal Rule of Civil Procedure 16

Federal Rule of Civil Procedure 16(b)(4) governs a party's request to modify a scheduling order, stating "a schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). A finding of good cause turns on "whether the moving party can demonstrate that the scheduling order deadlines could not be reasonably met despite the party's

---

[1] The Court notes that Plaintiff's motion violates Local Civil Rule 7.1 (d)(1) and (e) for failure to include a notice of motion with certification of service and failure to include a proposed order. *See* L. Civ. R. 7.1. It also violates Local Civil Rule 7.2 for failure to include a brief meeting the requirements of the Rule. *See* L. Civ. R. 7.2. Nonetheless, in the interests of judicial economy, the Court will consider the merits of Plaintiff's motion.

2

diligence." *Harbor Laundry Sales, Inc. v. Mayflower Textile Servs. Co.*, No. 09-6259, WL 6303258, at *5 (D.N.J. Dec. 16, 2011).

### B. Federal Rule of Civil Procedure 15

Federal Rule of Civil Procedure 15(a) governs amendment of pleadings and states, in pertinent part, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2); *see also Rivera v. Valley Hosp., Inc.*, No. 15-5704, 2017 WL 916436 at *2 (D.N.J. Mar. 08, 2017) (quoting Wright & Miller § 1484 at 676). Rule 15(a)(2) directs that the Court "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

District Courts are vested with the discretion to grant or deny a leave to amend under Rule 15(a). *Arab African Int'l Bank v. Epstein*, 10 F.3d 168, 174 (3d Cir. 1993) (stating "the grant or denial of leave to amend is a matter committed to the sound discretion of the district court."). That discretion must be exercised in light of "Rule 15(a)'s mandate that amendments are to be granted freely in the interests of justice." *Voila et al. v. General Motors Corp., et al.*, 173 F.R.D. 389, 396 (D.N.J. 1997) (internal citations and quotations omitted).

The United States Court of Appeals for the Third Circuit has qualified that mandate, holding leave to amend must be granted absent unfair prejudice, futility of amendment, undue delay, bad faith, or dilatory motive. *Grayson v. Mayview State Hosp.*, 293 F.2d 103, 108 (3d. Cir. 2002); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962); *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006) (stating generally leave to amend should be granted "unless equitable considerations render it otherwise unjust.").

A proposed amendment is considered futile "if the amended complaint would not survive a motion to dismiss." *Cty. of Hudson v. Janiszewski*, 351 F. App'x. 662, 666 (3d Cir. 2009). *See*

*also Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000) (citing *Smith v. NCAA*, 139 F.3d 180, 190 (3d Cir. 1998)). When assessing futility, a district court thus "applies the same standard of legal sufficiency as applied under Rule 12(b)(6)" for a motion to dismiss. *In Re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) (internal citation and quotation marks omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### III. DISCUSSION

#### A. Good Cause under Rule 16(b)

Plaintiff seeks leave to file a motion to amend her complaint eleven months after the deadline set by the Court in its March 2017 Scheduling Order. Defendants argue that the motion should be denied because Plaintiff fails to meet Rule 16's standard for adjournment of such Scheduling Order deadlines. For the following reasons, the Court disagrees and concludes that Rule 16's "good cause" standard has been met.

The focus of Rule 16(b)(4)'s good cause standard is "the moving party's burden to show due diligence." *Race Tires America v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 84 (3d Cir. 2010); *see also* Fed. R. Civ. P. 16, Advisory Committee Note (1983) ("the court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension.").

A party is "presumptively not diligent if, at the commencement of the lawsuit the party knows or is in possession of the information that is the basis for that party's later motion to amend." *Chancellor v. Pottsgrove Sch. Dist.*, 501 F. Supp. 2d. 695, 702 (E.D. Pa. 2007). However, courts within the Third Circuit have recognized that "a party may rebut this presumption and establish good cause by offering a clear and cognizable explanation why the proposed amendment was not included in the original pleading." *Cardone Indus., Inc. v. Honeywell Int'l, Inc.*, No. 13-4484, 2014 WL 3389112, at *2 (E.D. Pa. July 11, 2014) (internal citation and quotation marks omitted).

Here, the parties disagree about the specific time at which Plaintiff first became aware that two individuals involved in her termination were employed not by Defendant Bayer HealthCare LLC but by proposed defendant Bayer Consumer Care AG. Defendants assert that Plaintiff first became aware of Bayer Consumer Care AG's connection to this case on November 21, 2017, (Def. Opp. Br. at 9), while Plaintiff cites to March 16, 2018 as the date in which she discovered this connection, (Pl. Mov. Br. at 3).

Taking either party's position as true, it is clear that Plaintiff was *not* in possession of this information when the May 2017 amendment deadline passed. The record further contains no evidence of bad faith or undue delay on the part of Plaintiff in uncovering the role of proposed defendant Bayer Consumer Care AG after the deadline to amend had passed. As such, it appears that Plaintiff would not have reasonably been able to obtain this information with reasonable diligence until well into the discovery process.

Accordingly, the Court finds that Plaintiff has shown good cause under Rule 16(b)(4) to assert claims against proposed defendant Bayer Consumer Care AG after the Court-ordered deadline to amend. *See Cardone Indus., Inc.*, 2014 WL 3389112, at *3 (finding that defendant established good cause under Rule 16 to add counterclaims after the deadline when documents were

subsequently produced in discovery that served as evidentiary basis for defendant's proposed counterclaims).

It is now incumbent upon the Court to consider whether the proposed amended pleading satisfies the Requirements of Rule 15.

### B. Futility under Rule 15

Next, Defendants argue that the motion should be denied because Plaintiff's proposed claims against proposed defendant Bayer Consumer Care AG are futile. An amendment is "futile if the amended complaint would not survive a motion to dismiss." *Cty. of Hudson*, 351 F. App'x. 662 at 666. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. 662 at 678.

Plaintiff's argument in support of amendment hinges on Bayer Consumer Care AG's corporate relationship to current Defendant Bayer Health Care LLC. Specifically, Plaintiff argues that each corporate entity may be held liable for wrongs committed by the other under the doctrines of single employer and joint employer liability. (*see generally* Pl. Mov. Br.). For the following reasons, the Court concludes that Plaintiff's proposed amended pleading does not meet the requirements of either doctrine.

The single employer doctrine applies where two corporate entities have "(1) functional integration of operations; (2) centralized control of labor relations; (3) common management; and (4) common ownership." *Nat'l Labor Relations Bd. v. Browning-Ferris Indus. of Pa., Inc.*, 691 F.2d 1117, 1122 (3d Cir. 1982). *See also Nat'l Labor Relations B. v. Deena Artware, Inc.*, 361 U.S. 398, 401 (1960).

Relatedly, joint employer liability exists "when two entities exercise significant control over the same employees." *Plaso v. IJKG, LLC*, 553 F. App'x. 199, 204 (3d Cir. 2014); *see also Boire v. Greyhound Corp.*, 376 U.S. 473 (1964); *Graves v. Lowery*, 117 F.3d 723, 727 (3d Cir. 1997). Courts within the Third Circuit have considered the following additional factors when assessing joint employer liability: "(1) the entity's authority to hire and fire employees, promulgate work rules and assignments, and set conditions of employment, including compensation, benefits, and hours; (2) its day-to-day supervision of employees, including employee discipline; and (3) its control of employee records, including payroll, insurance, taxes and the like." *Plaso*, 552 F. App'x. 199 at 204-05 (internal quotations omitted); *See, e.g., Abdallah v. Allegheny Valley Sch.*, No. 10–5054, 2011 WL 344079, * 3 (E.D. Pa. Feb. 1, 2011); *Butterbaugh v. Chertoff*, 479 F. Supp. 2d 485, 491 (W.D. Pa. 2007).

Courts have developed additional tests for assessing single and joint employer relationships specific to Title VII and the New Jersey Law Against Discrimination claims. *See Plaso*, 552 F. App'x. 19, supra note 4 ("the employment analysis under the NJLAD is substantially similar to that for Title VII."). The single employer test specific to Title VII and NJLAD claims "rests on the degree of operational entanglement – whether operations of the companies are so united that nominal employees of one company are treated interchangeably with those of another." *Nesbit v. Gears Unltd., Inc.*, 347 F.3d 72, 87 (3d Cir. 2003); *see also Plaso*, 553 F. App'x. 19 at 206.

Separately, the Family and Medical Leave Act statute outlines its own multi-factor analysis for when two business entities are considered joint employers. Similar to the tests outlined above, the FMLA considers businesses to be joint employers "[w]here two or more businesses exercise some control over the work or working conditions of the employee." 29 C.F.R. § 825.106 (2013). Although joint employers may be separate and distinct, a joint employer relationship exists in

situations "where there is an arrangement between employers to share an employee's services or to interchange employees" or "where one employer acts directly or indirectly in the interest of the other employer in relation to the employee." *Id.* (detailing various scenarios contemplated by the statute).

As the above discussion indicates, courts have applied an abundance of common law and statutory tests to determine the applicability of either single or joint employer liability in employment-related litigation. However, the court need not determine which test is most appropriate here. Regardless of which test is applied, Plaintiff has failed to plead even a single fact in the Proposed Second Amended Complaint that satisfies any of the single or joint employer doctrine's multi-factor tests in regard to proposed defendant Bayer Consumer Care AG.

In Plaintiff's reply brief, Plaintiff cites to Paragraphs 50-53 of the Proposed Second Amended Complaint for the proposition that current Defendant Bayer HealthCare LLC and proposed defendant Bayer Consumer Care AG functioned as a single or joint employer. (*See* ECF No. 39, Pl. Reply Br. at 12). These paragraphs allege as follows:

> 50. Indeed, HR acknowledged the impropriety of O'Mullane's behavior, when an HR representative apologized to Dr. Laurora for O'Mullane's actions.
>
> 51. Despite this fact, HR refused to take any steps to address these issues, instead asking Dr. Laurora to excuse O'Mullane because, incredibly, "he doesn't understand our policies."
>
> 52. In a transparent effort to avoid any liability for their actions, Defendants then offered Dr. Laurora a new position that was a material diminution in responsibilities, compensation and room for advancement, knowing full well that she could not accept such a demotion at this stage in her career.
>
> 53. When Dr. Laurora subsequently declined the position (as Defendants undoubtedly knew she would), they eliminated her position, thereby terminating her employment.

(*See* Prop. S. Am. Compl. ¶¶ 50-53).

8

Notably, the language referring to "Defendants" in Paragraphs 52 and 53 is also found in Plaintiff's original complaint, which asserts claims only against John Mullane and Bayer Health Care LLC. (ECF No. 1, Original Complaint ¶¶ 50, 51). In that context, it appears that this label refers to John O'Mullane and the HR Department of Bayer HealthCare LLC, and *not* Bayer Consumer Care AG. (*See* Prop. S. Am. Compl. ¶¶ 46-50). Plaintiff's attempt to construe this section of the proposed pleading to describe the actions or corporate structure of proposed defendant Bayer Consumer Care AG is therefore unconvincing. *See Achille v. Chestnut Transportation, Inc.*, No. 10-6924, 2012 WL 12859820, at *1 (S.D.N.Y. Mar. 2, 2012) (denying a motion to amend where plaintiff failed to plead any facts that would satisfy the multi-factor test under the FMLA's joint employer doctrine).

Plaintiff presents no other allegations in support of either doctrine, and the Court's review found no additional support in the Proposed Second Amended Complaint.[2] Accordingly, the Court concludes that neither the single employer doctrine nor the joint employer doctrine supports any claims for liability against proposed defendant Bayer Consumer Care AG. Plaintiff's motion to amend the complaint is therefore denied to the extent that Plaintiff seeks to assert any claims against Bayer Consumer Care AG.

---

[2] As discussed in Section III.A, above, the record shows that Plaintiff has obtained additional evidence in discovery linking proposed defendant Bayer Consumer Care AG to the events underlying this case. *See* Section III.A, *supra*. Specifically, Plaintiff argues that new evidence shows that two individuals relevant to this case, Soren Roth and Erica Mann, were employed by Bayer Consumer Care AG rather than Defendant Bayer Health Care as Plaintiff first believed. (*See* Def. Mov. Br. at 2).

However, when conducting futility analysis on a motion to amend, courts are "generally confined the four corners of the complaint" and "cannot rely on outside evidence the parties may introduce." *Tri3 Enterprises, LLC v. Aetna, Inc.*, 535 F. App'x 192, 195 (3d Cir. 2013). Therefore, the Court declines to consider any factual assertions discussed in Plaintiff's briefing which were not explicitly alleged in her proposed amended pleading. *See id.*

## C. Title VII Claims against Bayer HealthCare LLC

The last issue at hand is Plaintiff's request for leave to assert a Title VII claim against current Defendant Bayer HealthCare LLC following her receipt of a Notice of Right to Sue from the EEOC on January 31, 2018. (*See* ECF No. 37, Plaintiff's Moving Brief at 4; Prop. S. Am. Compl. ¶¶ 71-76). Defendants consent to Plaintiff's assertion of this claim against Bayer HealthCare LLC. (Def. Opp. Br. at 21).

Title VII states that within 90 days after the issuance of a right-to-sue letter "a civil action may be brought against the respondent named in the charge." *Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 149 (1984); 2 U.S.C. § 2000e–5(f)(1). Although the 90-day period is in effect a statute of limitations, a Title VII claim may be asserted after that 90-day period if it relates back to the original complaint. *See Bernstein v. Nat'l Liberty Intern. Corp.*, 407 F. Supp. 709, 713 (E.D. Pa. 1976); *see also Gooding v. Warner-Lambert Co.*, 744 F.2d 254, 358-59 (3d Cir. 1984) (stating that "procedural technicalities should not be used to prevent Title VII claims from being decided on their merits.").

In order for the amendment to relate back, it must satisfy the standard set forth in Rule 15(c) of the Federal Rules of Civil Procedure, which states in pertinent part that "[w]henever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading." *Id.*; *see* Fed. R. Civ. P. 15(c)(1)(B).

Here, Plaintiff's proposed Title VII claim asserts that Defendant Bayer HealthCare LLC discriminated against Plaintiff on the basis of her gender and retaliated against her due to her complaints about other discriminatory behavior. (*See* Prop. S. Am. Compl. ¶¶ 32, 53, 71-81). In addition, Plaintiff's original complaint stated "[f]ollowing her receipt of a Notice of Right to Sue,

Plaintiff will seek leave to file an Amended Complaint to include claims under Title VII." (*See* Compl. ¶ 18).

Upon review, the Court concludes that the allegations of Plaintiff's proposed Title VII claim arose from the same occurrences set forth in the original pleading brought against Defendant. Accordingly, leave is granted for Plaintiff to amend her complaint to assert a Title VII claim against Defendant Bayer HealthCare LLC.

### IV. CONCLUSION

The Court, therefore, having considered the parties' submissions, finds that Plaintiff's Motion for Leave to Amend, (ECF No. 37), is **GRANTED IN PART AND DENIED IN PART**. An appropriate form of order accompanies the opinion.

_____
JOSEPH A. DICKSON, U.S.M.J.

cc: Hon. Esther Salas, U.S.D.J.